ALVERTA JONES v. ABRAM BRINKLEY.

(Filed 12 September, 1917.)

1. **Slander—Moral Turpitude—Statutes—Felonies—Misdemeanors.**

    Actionable slander does not depend upon whether the defamatory matter would have subjected the plaintiff, if true, to a conviction of a felony, or a misdemeanor if the offense be infamous, Revisal, secs. 3291, 3293, or of petty larceny, the amount being under $20, for it is sufficient if it would subject the party to an indictment for a crime involving moral turpitude, as, in this case, for the larceny of a gallon of ice cream at a church festival, in charge of the plaintiff, of the value of one dollar.

2. **Same—Inferior Courts—Recorders' Courts—Constitutional Law.**

    While the constitutionality of a recorder's court given jurisdiction of the offense of petty larceny, *i. e.*, of goods not less than $20, is upheld, Art. IV, sec. 12, not requiring a trial by jury or indictment by grand jury when appeal is given, Const., Art. I, sec. 3, the test of actionable slander upon acquittal does not depend upon the question of jurisdiction, but upon whether the offense charged involved moral turpitude.

3. **Slander—Mental Suffering—Humiliation—Damages.**

    A consequent humiliation of plaintiff's feelings may be the grounds for special damages in an action for slander, as where the plaintiff, a woman, was falsely charged with larceny of a gallon of ice cream at a church festival under her charge, which prevented her going to church or elsewhere.

4. **Slander—Defenses—Truth of Charge—Evidence.**

    The defense in an action for slander charging the plaintiff with larceny is in establishing the truth of the accusation.

APPEAL by plaintiff from *Daniels, J.,* at Spring Term, 1917, of GATES.

*B. L. Banks and Ward & Grimes for plaintiff.*
*A. P. Godwin and Ehringhaus & Small for defendant.*

CLARK, C. J. This is an action for slander. It was alleged and in evidence that the defendant, in the presence of divers persons and at different times and places, used words to the effect that the plaintiff had stolen a gallon of ice cream. It was admitted that the ice cream was worth about one dollar. The plaintiff testified that such statement deeply humiliated her, and prevented her from wishing to go to church or anywhere else.

The court granted the defendant's motion to nonsuit upon the ground that "genuine humiliation of feelings is not an element of independent damages itself, and therefore there was no special damage shown"; (2) that "under the act of 1913, the larceny charged, being of less than $20, is not punishable in the penitentiary, and therefore not a felony, and it is not slander to charge one of an offense which is merely a misdemeanor."

It would be a very singular condition of the law if to charge one of stealing $19.99 is not slander, but to charge a theft of $20 would be. Such is not the case. To constitute slander, it is not necessary that the offense charged should be a felony. "At common law, and until the act of 1891, conspiracy, and even such grave crimes as perjury and forgery, were misdemeanors." *S. v. Mallett,* 125 N. C., 723. And it was always libel or slander to charge falsely that one was guilty of perjury. 25 Cyc., 305, or forgery, *ib.,* 292. The act of 1891, ch. 205, now Rev., 3291, providing that "crimes punishable by death or imprisonment in the State's Prison are felonies and all other crimes are misdemeanors," was for the purpose of settling the line between felonies and misdemeanors; but this did not prevent misdemeanors including cases where the offense was infamous, for Rev., 3293, specially provides for imprisonment in the county jail or State's Prison on conviction of misdemeanor "if the offense be infamous." The line between felonies and misdemeanors has never been whether the offense is an infamous one or not. The line between them is now made by our statute to depend upon whether the offense is punishable by imprisonment in the penitentiary or capitally, in which case the offense is a felony; otherwise it is a misdemeanor.

It is true it has been said rather loosely, that an action for slander lies for "words falsely spoken which impute to the plaintiff the commission of a criminal offense involving moral turpitude; and which would subject him, if the charge be true, to an infamous punishment." We have already seen that under our statutes misdemeanors for an infamous offense may be punished by imprisonment.

Besides, the definition is not correct. The general rule is, "In case the charge, if true, will subject the party charged to an indictment for a crime involving moral turpitude *or* subject him to an infamous pun-

ishment, then the words will be in themselves actionable." 25 Cyc., 270, 272. To charge one with larceny is to charge him with an offense involving moral turpitude.

Nor can we attach any importance to the defense set up, that the charge of petty larceny, *i. e.*, of goods less than $20, having been made petty larceny cannot be an infamous offense because, under the statute, the recorder's court had jurisdiction of this offense. The jurisdiction of the recorder's court is bestowed by the Legislature under the authority of the Constitution, Art. IV, sec. 12, which provides that "The General Assembly shall allot and distribute that portion of this power and jurisdiction which does not pertain to the Supreme Court among the other courts prescribed by this Constitution or which may be established by law in such manner as may be deemed best."

It has been held that the jurisdiction given the recorders' courts is not in violation of the right of trial by jury guaranteed by Const., Art. I, sec. 3, because that section provides that the Legislature may dispense with jury trials "for petty misdemeanors, with the right of appeal," and that for the same reason an indictment by a grand jury is not necessary. This Court has repeatedly upheld the validity of such courts. *S. v. Shine,* 149 N. C., 480; *S. v. Doster,* 157 N. C., 634; *S. v. Dunlap,* 159 N. C., 491, and in other cases.

The test whether an action lies for slander is not whether the offense is triable in the Superior Court or the recorder's court or in a magistrate's court. It does not depend upon the offense being a felony or a misdemeanor. If the offense charged involves moral turpitude, which is defined to be "An act of baseness, vileness or depravity in the private and social duties that a man owes to his fellowman or to society in general, contrary to the accepted and customary rule of right and duty between man and man" (25 Cyc., 272), then such charge, if false, is ground for an action of slander if orally made, and for an indictment or action for libel if made in writing or printed. To charge a woman falsely of a want of chastity is slanderous and libelous, though such matter is not a felony in her.

The only case in our Court which properly considered seems to be in conflict with this is *McKee v. Wilson,* 87 N. C., 300, which holds that to "constitute oral slander, the words must impute to the plaintiff the commission of an infamous offense" (which a charge of theft is), but that case went on to say "A misdemeanor, punishable only by fine or imprisonment, is not infamous." This latter, if ever a correct statement of law, is corrected by Rev., 3293, which provides for the punishment of misdemeanors, "if the offense be infamous, by imprisonment in the county jail or by a fine." The test is not the nature of the punishment,

but the nature of the offense charged. A charge of larceny is actionable *per se,* and "there is no distinction between grand and petty larceny in this respect." 25 Cyc., 297.

It was also argued to us that one could not be guilty of slander or libel unless he falsely charged another with an offense for which he would lose his *"liberam legem."* Counsel did not agree among themselves as to the meaning of this survival from a former stage of civilization. "To lose one's free law (called the villainous judgment) was to become discredited or disabled as a juror and witness, to forfeit goods and chattels and lands for life, to have these lands wasted, houses razed, trees rooted up, and one's body committed to prison." Black's Law Dictionary, quoting Hawk P. C., 61, c. lxxii, s. 9; 3 Inst., 321. Such punishments have long since disappeared from our more humane law, and to require that to constitute slander or libel the offense charged must be one that would subject the party charged to such punishment would be simply to abolish such actions.

Nor do we agree that humiliation of the kind inflicted upon the plaintiff by the charge of theft and its resultant consequences is not special damage. In *Young v. Tel. Co.,* 107 N. C., 384, 385, it is said: "Damages for injury to the feelings, such as mental anguish or humiliation, are given, though there may be no physical injury in many cases . . . The plaintiff is entitled to recover, in addition to nominal damages, compensation for the actual damages done him, and mental anguish is actual damage . . . It is very truthfully and appropriately remarked by a learned author that 'the mind is no less a part of the person than the body, and the sufferings of the former are sometimes more acute and lasting than those of the latter. Indeed, the sufferings of each frequently, if not usually, act reciprocally on the other.' 3 Suth. Dam., 260. And Cicero (who certainly may be quoted as an authority among lawyers) says in his Eleventh Philippic against Anthony, *'Nam quo major vis est animi quam corporis, hoc sunt graviora ea quae concipiuntur animo quam illa quae corpore.'* For, as the power of the mind is greater than that of the body, in the same way the sufferings of the mind are more severe than the pains of the body." This has been repeatedly approved. See Ann. Ed.

In *Osborn v. Leach,* 135 N. C., 628, it was held, "Actual damages include pecuniary loss, physical pain, mental suffering, and injury to reputation." Also, *Hoke, J.,* in *Ammons v. R. R.,* 140 N. C., 200, citing *Bleckley, C. J.*

What humiliation more intense and poignant can be inflicted than a charge of theft, which was made against this plaintiff; and would any one on hearing such charge consider whether the amount of the larceny charged would subject the person to a trial in the Superior Court or the

recorder's court, or whether it was a felony or a misdemeanor? Would this make any difference in the humiliation of the plaintiff or in the injury to her reputation? Indeed, under some circumstances, a petty larceny might be more infamous than one of a larger amount. In this case the plaintiff, in charge of a church festival, was charged with stealing ice cream, which, among her associates and acquaintances, if true, would have condemned her to an isolation greater than that which might result from the theft of large sums under other circumstances.

The protection of a defendant in such cases as this is not in such defenses as are herein set up, but by proof of the truth of the charge. Even this in former times would not have been a defense, but in a juster age we have deemed this a just protection, and have so provided by statute. Rev., 3267. For the enactment of this act allowing the truth of the charge to be a defense, we are indebted to the splendid defense by *Lord Erskine* in the *Stockdale case* and the efforts in the English Parliament of Charles James Fox. To the verdict of the jury on such defense, the defendant must look, if he has not maliciously and falsely slandered the plaintiff.

The judgment of nonsuit is

Reversed.