## 30930. THOMPSON v. THE STATE.

DECIDED SEPTEMBER 10, 1945.   REHEARING DENIED SEPTEMBER 29, 1945.

*Robert B. Blackburn, H. A. Allen,* for plaintiff in error.

*E. E. Andrews,* solicitor-general, *E. A. Stephens, Durwood T. Pye,* contra.

GARDNER, J. ▮ From reading a history of the case, it will be seen that the contention, to the effect, that the defendant has never been legally convicted of a crime involving moral turpitude because of the proceedings in the Court of Appeals, has been disposed of adversely to the defendant by this court in *Thompson* v. *State,* 67 *Ga. App.* 240 (19 S. E. 2d, 777), and page 910 of the same volume wherein the Supreme Court of Georgia denied application for certiorari, and a denial of the writ of certiorari by the United States Supreme Court in 317 U. S. 667 (63 Sup. Ct. 72, 87 L. ed. 536). It would seem that the defendant is precluded from again bringing up this question. So far as he is concerned, the law of the case is that he was convicted of a crime involving moral turpitude. The fact that it was by a divided opinion of the court makes no difference. This contention has no merit.

▮ Our statutes provide: "An attorney must be removed by the superior court of the county of his residence for the following causes: 1. Upon his being convicted of any crime or mis-

demeanor involving moral turpitude. In either case the record of his conviction is conclusive evidence." Code, § 9-501 (1). While it is the general rule in disbarment proceedings that an attorney must· be served with notice, there are recognized exceptions to this rule. In 7 C. J. S. 769, § 27, under "Exceptions To Rules Requiring Notice," this authority states that no notice is necessary "where he has been convicted of a felony or a misdemeanor involving moral turpitude." The principle that, where an attorney has been convicted of a crime involving moral turpitude, he is not entitled to any further notice or process before he can be disbarred, is supported by authorities. In dealing with this question, 5 Am. Jur., p. 435, § 289, reads: "On the other hand, it is held that an attorney is not constitutionally deprived of his rights by striking his name from the roll, without further hearing, upon his conviction of a crime involving moral turpitude, since he had his day in court when he was put on trial for the crime; particularly is the attorney not entitled to notice by citation or other processes when the record of conviction is by statute made conclusive as against him." It will be noted that the terms of our statute on this question are imperative, and that a conviction of an attorney for an offense involving moral turpitude is conclusive of his unfitness to practice law in this State. In the case of *Williford* v. *State, 56 Ga. App.* 840, 852 (194 S. E. 384), this court, quoting approvingly from the case of *DeKrasner* v. *Boykin,* 54 *Ga. App.* 29 (186 S. E. 701) said: "And here we might state, by way of parenthesis, that this fact alone, under the Code, § 9-501, providing that an attorney may be disbarred 'upon his being convicted of any crime or misdemeanor involving moral turpitude. In either case the record of his conviction is conclusive evidence,' would be sufficient authorization for the court to enter an order of disbarment, based upon such record, without further notice or process." It would thus seem that this contention on the part of the defendant is without merit.

■ From the history of the case, it will be observed that the defendant was admitted to the practice of law in Fulton County in 1931, and that he was employed by the City of Atlanta as an inspector in the waterworks department during the years 1936 to 1940, inclusive. It is clearly inferable from the record that the defendant changed his residence from the State of Georgia to the

State of Michigan after his conviction of the offense involving moral turpitude. Able counsel for the defendant invokes that portion of the Code, § 9-501, which provides that "an attorney must be removed by the superior court of the county of his residence." This excerpt from the statute clearly has reference to attorneys who reside in this State. It would indeed be an anomaly to hold that the judge of the superior court of Fulton County, where the defendant was admitted and where he enjoyed the privileges of the practice of law in a county where he resided, until he left that county after conviction under a criminal cloud, could without notice disbar an attorney who resided in such county, and on the other hand could not disbar the defendant because he had left the jurisdiction of this State and established himself elsewhere. Our general law provides that a citizen of a State must be sued, with certain exceptions, in the county of his residence, but that a non-resident may be sued in any county of the State in which he may be found and served with a process. By analogy it follows, from what we have said above, that the defendant could have been disbarred in any county of the State, by a judge of the superior court of the circuit including such county, upon the production of a certified copy of the conviction, without any further notice. This ground is without merit.

The court did not err in sustaining the demurrer to the motion of the defendant to vacate the judgment of disbarment.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*