JACOBS *v.* THE STATE OF GEORGIA.

No. 15351. JANUARY 17, 1946. REHEARING DENIED FEBRUARY 21, 1946.

*Howard, Camp & Tiller, Harold Karp, Arnold Shulman,* and
*W. H. Armistead,* for plaintiff in error.

*Casey Thigpen,* as amicus curiæ.

*E. E. Andrews, Solicitor-General, E. A. Stephens,* and *Durwood
T. Pye,* contra.

HEAD, Justice. When an attorney at law has been indicted on
a charge involving moral turpitude, the solicitor-general of the
superior court of the county of the attorney's residence may bring
an action to disbar such attorney. There is no statute or estab-
lished rule of law in this State requiring that a solicitor-general
shall bring a petition for the disbarment of an attorney charged in
an indictment with a crime involving moral turpitude. If the
solicitor-general elects to file a petition for the disbarment of an
attorney charged in an indictment with a crime involving moral
turpitude, the trial court may, depending upon the evidence in
support thereof, and in the exercise of the discretion vested in the
court, grant or refuse the prayers of the petition for disbarment.
See *Williford* v. *State,* 56 *Ga. App.* 847 (194 S. E. 384). If pro-
ceedings for the disbarment of an attorney are brought as above in-
dicated, such proceedings would be based on an alleged act of the
attorney. His guilt or innocence of the charge contained in the
indictment would not have been established. To require that dis-
barment proceedings should be instituted in every case upon the
indictment alone, might result in instances where the attorney's
defense to the charge contained in the indictment would be preju-
diced by disbarment. It is therefore right and proper that the
solicitor-general should be clothed with a discretion to determine

from all the facts whether or not he should bring proceedings to disbar prior to conviction of the attorney on the charge contained in the indictment. Should the solicitor-general delay disbarment proceedings until after final conviction of the attorney, on the criminal charge contained in the indictment, he should not thereafter be criticized by such attorney for doing so. Extreme diligence at the possible expense of exact justice is neither required nor desirable. That the solicitor-general in the exercise of his discretion in this case may have leaned to the side of "fair play," is more a matter, as we view it, for commendation than criticism. For the same reasons stated, it is proper that the trial judge should exercise a discretion where the proceedings to disbar are based upon an alleged act which has not been established by final conviction. Whether the solicitor-general in bringing disbarment proceedings after final conviction, and the trial judge to whom the same is presented, should have in any case a discretion, is not a question for this court to rule upon. The legislative branch of our government many years ago provided to the contrary. Section 9-501 of the Code provides in part as follows: "An attorney must be removed by the superior court of the county of his residence for the following causes: 1. Upon his being convicted of any crime or misdemeanor involving moral turpitude. In either case the record of his conviction is conclusive evidence."

Thus we find that the trial court may exercise a discretion where the disbarment is sought on an alleged act involving moral turpitude. But where the disbarment is based upon final conviction for a crime involving moral turpitude, the discretion vested in the court is terminated as a matter of statutory law. The disbarment in this case is based upon a final conviction for a crime involving moral turpitude, and not on an alleged act or charge of a crime. The defense to the disbarment proceedings (as shown by briefs filed in this court by the plaintiff in error is based solely upon the statute of limitations quoted by the Court of Appeals in its first question certified to this court. This statute provides that no attorney shall be disbarred "unless proceedings shall be instituted or begun within four years after the commission of the act complained of." It is insisted that the words, "commission of the act complained of," will preclude disbarment of the attorney in this case, even though the disbarment is based upon a final con-

viction for the crime charged in the indictment. This contention is not sound. An act is "something done or established. In its general legal sense the word may denote something done by the individual." 1 Bouvier's Law Dictionary (3d, Rev.) 115; *Green* v. *State,* 109 *Ga.* 540 (35 S. E. 97). Therefore, to hold that the attorney could not be disbarred upon final conviction under the language of the limitation statute above quoted would be the equivalent of holding that the attorney committed the act of final conviction. Did the attorney commit the act of final conviction? To ask the question is to require the only logical reply. The act of final conviction was not the act of the attorney, but the acts of the trial court, including the prosecution and presentation of the State's case by the solicitor, the testimony of witnesses, the verdict of the trial jury, and the final judgment of affirmance by the Court of Appeals. Rather than saying that the attorney committed the act of final conviction, we must conclude, if his appearance before this court was a fair example of his ability and persuasiveness, that he did all that he could do, and all that properly might have been done, to prevent his final conviction.

Immediately following that part of the statute of limitations heretofore quoted, and here relied upon by the attorney, is this proviso: "Provided, however, this limitation shall not run so long as the offender or the offense is unknown." This limitation, construed in connection with the words "commission of the act complained of," clearly and undeniably demands the conclusion that the statute of limitations enacted by the General Assembly is applicable only where the disbarment proceedings are based on an "act" of the attorney, and that such statute has no application where the proceedings are based on conviction for a crime involving moral turpitude. Certainly a final conviction is not an instance where "the offender or the offense is unknown."

Courts of last resort in other States have held that where an attorney is convicted of a crime involving moral turpitude, no proceedings to disbar are necessary, that the court where such conviction is had may simply strike his name from the roll of attorneys. "It is held that an attorney is not unconstitutionally deprived of his rights by striking his name from the roll, without further hearing, upon his conviction of a crime involving moral turpitude, since he had his day in court when he was put on trial

for the crime; particularly is the attorney not entitled to notice by citation or other process *when the record of conviction is, by statute, made conclusive evidence against him."* (Italics supplied.) 5 Am. Jur. 435, § 289; Re Collins, 188 Cal. 701 (206 Pac. 990, 32 A. L. R. 1062). The Court of Appeals in *Thompson* v. *State, 72 Ga. App.* 852 (35 S. E. 2d, 306), affirmed the Superior Court of Fulton County in striking from the roll of attorneys the name of an attorney after final conviction for a crime involving moral turpitude. Certiorari was denied by this court in the *Thompson* case. If, as held by the Court of Appeals of this State and by courts of other States, no proceedings to disbar are necessary upon final conviction for a crime involving moral turpitude, the words used in the statute of limitations under consideration, "No proceedings for the disbarment of any attorney," could not be made to extend to disbarment where such disbarment is based on final conviction for a crime involving moral turpitude, since "proceedings" would not be required as a matter of law.

The General Assembly is conclusively presumed to know the law which they seek to amend, revise, repeal, or modify by a statute of limitations, and the construction of such law by our courts of last resort. Thus, the General Assembly is presumed to have known that, as held in this opinion, there are two times or occasions when an attorney at law may be disbarred for a crime involving moral turpitude: first, after the commission of the act and either before or after indictment, but before final conviction; and second, he must be removed as a matter of statutory law after final conviction. If the General Assembly desires that an attorney at law convicted of a crime involving moral turpitude shall not be disbarred after a given period of time, it has yet to say so. It might have said in the same act, and after the words "commission of the act complained of," "or within [some time determined by the Assembly] after the judgment of final conviction." In such an instance it might be said that the General Assembly desired that an attorney at law should be removed only within a given period after his final conviction. The General Assembly has not so stated, and to hold otherwise would require such a strained and unreasonable construction as to be entirely unauthorized, and in the language of this court in *Trustees of First M. E. Church, South* v. *Atlanta, 76 Ga.* 181, "it is dangerous to imply

a legislative intent contrary to previous legislation from doubtful expressions which may admit of different interpretations."

Since proof of good character has always been a prerequisite for admission to the bar of this State, this court will not presume that the General Assembly intended that an attorney at law would be protected against disbarment proceedings after final conviction, where no reference is made in the limitation statute to disbarment on a final conviction for a crime involving moral turpitude, such conviction amounting to an adjudication that the attorney does not possess that which was required for his admission.

Judge MacIntyre, in his able opinion for the Court of Appeals in *Williford* v. *State,* supra, stated that a disbarment proceeding is not intended for punishment, but to protect the courts from the official ministration of persons unfit to practice therein. We think that the courts owe a duty to the public and to society, and that attorneys found guilty of a crime involving moral turpitude are required to be, and should be, disbarred. Under the Const., art. 6, sec. 2, par. 5, this court is a court for the correction of errors of law, and it does not possess any legislative powers or discharge any legislative functions. If we were authorized to do so, we might revise the statutory provision that an attorney disbarred for a crime involving moral turpitude can never be reinstated. But however much our sympathies may extend to the unfortunate young attorney in this instance, we are powerless to restore that which he has lost, his right to practice law in the courts of this State.

*All the Justices concur, except Atkinson and Wyatt, JJ.; who dissent.*