31215.   JAMES *v.* THE STATE OF GEORGIA.

DECIDED APRIL 25, 1946.   REHEARING DENIED MAY 16, 1946.

*Joe Hill Smith, Linton S. James,* for plaintiff in error.

*E. E. Andrews, solicitor-general, Durwood T. Pye,* contra.

PARKER, J. (After the foregoing statement of facts.) ■ The first objection to the disbarment petition is that the solicitor-general was not authorized to institute the action in the name of the State on his own information, and that, since he brought the proceedings, they should have been in the name of the State on the information of some person other than the solicitor-general. The Code, § 9-505, provides that: "The proceedings to remove an attorney may be taken by the court of its own motion, or upon the motion of an attorney at law, or other citizen." Section 9-506 is as follows: "The proceedings, when instituted by the court of its own motion, are conducted in the name of the State—the solicitor appearing to sustain the accusation, and when on the information of another, in the name of the State on the information of such person." We think that the petition complied with the statutes; that the solicitor-general was authorized to bring the action in the name of the State on the information of himself as solicitor-general; and that the first objection to the proceedings is without merit. It was not necessary for the solicitor-general, in bringing the proceedings in the name of the State of Georgia, to allege that they were brought on the information of himself as solicitor-general, and such unnecessary allegations may be disregarded. They did not impair or affect in any manner the validity of the petition.

■ The second objection to the proceedings is that the verdict in the criminal case was void. That verdict was as follows: "We

the jury find the defendant guilty as charged and fix sentence at not more than one (1) year or more than one (1) year, and recommend it be treated as a misdemeanor." The contention is that the failure of the jury to fix a minimum sentence, as required by the indeterminate sentence law, amounted to a verdict of not guilty, and that for this reason the judgment and sentence of the court based thereon were void. Under the rulings in *Johnson* v. *State,* 154 *Ga.* 806 (115 S. E. 642), *Oliver* v. *Lowry,* 173 *Ga.* 892 (161 S. E. 828), *Burns* v. *State,* 191 *Ga.* 60 (11 S. E. 2d, 350), and *Hollis* v. *State,* 48 *Ga. App.* 672 (178 S. E. 179), the verdict complained of was not the equivalent of a verdict of not guilty, and was not void. The court accepted the recommendation of the jury that the case be treated as a misdemeanor, and imposed a misdemeanor punishment; and the plaintiff in error, as the defendant in that case, suffered no injury from the indefiniteness of the verdict, and cannot now complain of the alleged deficiency in the verdict in answer to the disbarment proceeding.

■ The third objection to the petition for disbarment, as contained in the answer of the respondent, is that the judgment of conviction rendered in the trial of the criminal case was void ab initio because it was obtained by fraud and as the result of a conspiracy. The Code, § 9-501, provides for the disbarment of an attorney by the superior court of the county of his residence, "(1) upon his being convicted of any crime or misdemeanor involving moral turpitude," and that "the record of his conviction is conclusive evidence." Under this statute it was not permissible for the respondent to attack the judgment of conviction in reply to the disbarment proceedings, and the court did not err in instructing the jury to return a verdict contrary to this objection.

■ Special ground 1, in the amended motion for new trial, complains of the introduction in evidence by the State of the indictment charging the respondent with the crime of larceny after trust, with the plea of not guilty thereon, and the verdict of the jury finding the respondent guilty, and the sentence of the court, and the remittitur from this court to Fulton superior court following the judgment affirming the trial court. There was no error in admitting these writings in evidence. The introduction, in the proceedings to disbar, of the record of conviction of the plaintiff in error was the best way to prove such conviction.

■ Special ground 2 complains because the court excluded certain oral evidence offered by the respondent, tending to show that he was not guilty of the offense for which he had been convicted. The court correctly excluded this testimony on the ground that the judgment and record of conviction of the plaintiff in error was conclusive, as provided in the Code, § 9-501.

■ The final special ground complains because the court directed a verdict disbarring the respondent and striking his name from the roll of attorneys; his contentions being that he had a right to attack the judgment of conviction in the criminal case as being void, and that the evidence presented an issue of fact for the determination of the jury, on which he was entitled to a trial by the jury. After the evidence offered by the respondent had been excluded by the court, and properly so as we have herein ruled, there was no issue to be decided by the jury. The record and judgment of conviction, which was conclusive on the court and jury, was the only material evidence before the court, and it was proper to direct the only verdict that could have been found under that evidence.

■ On the general grounds of the motion for new trial, it is sufficient to say that larceny after trust is a crime involving moral turpitude. *Jenkins* v. *State,* 14 *Ga. App.* 276(3) (80 S. E. 688); United States ex rel. Parenti *v.* Martineau, 50 Fed. 2d, 902; United States ex rel. Patricola *v.* Karnuth, 9 Fed. Supp. 961; Jones *v.* Brinkley, 174 N. C. 23 (93 S. E. 372); Muse *v.* State, 29 Ala. App. 271 (196 So. 148). In a disbarment proceeding in the State of Washington, it was held that grand larceny was an offense involving moral turpitude. In re Liliopoulos, 175 Wash. 338 (27 Pac. 2d, 691). And the crime of petty larceny was held to involve moral turpitude, in a proceeding to disbar an attorney who had been convicted of such offense. Re Henry, 15 Idaho 755 (99 Pac. 1054, 21 L. R. A. (N. S.) 207). In the recent case of *Dodys* v. *State,* 73 *Ga. App.* 483 (37 S. E. 2d, 173), the challenge of a juror as incompetent, in that he had been convicted of a crime involving moral turpitude, was sustained, where it appeared that the juror had entered a plea of guilty on an accusation charging him with simple larceny, or with larceny from the house, it not being clear just which offense was involved. When it appeared in the instant case that the plaintiff in error had been convicted of

larceny after trust, it was the duty of the court to disbar him. "An attorney must be removed by the superior court of the county of his residence . . upon his being convicted of any crime or misdemeanor involving moral turpitude . . the record of his conviction is conclusive evidence." Code, § 9-501. See also *Williford* v. *State,* 56 *Ga. App.* 840 (194 S. E. 384); *Thompson* v. *State,* 72 *Ga. App.* 852 (35 S. E. 2d, 306); *Jacobs* v. *State,* 200 *Ga.* 440 (37 S. E. 2d, 187).

*Judgment affirmed. Sutton, P. J., concurs.*

FELTON, J., concurring specially. Since there was no fraud alleged other than that arising by reason of alleged perjury, and since indictment and conviction of the witness are not alleged, in view of the Code, § 9-501 (1), and the record of conviction affirmed by the First Division of this court, I have no recourse but to concur in the opinion and judgment. However, I would like to call attention to the very strange and, it seems to me, incongruous provision of our law with reference to the reinstatement of attorneys who have been disbarred. If an attorney has been disbarred for any reason under the sun except for conviction of a crime or misdemeanor involving moral turpitude, he may be reinstated as provided in the Code, § 9-519, but if he has been removed because of such conviction, he may not be reinstated. It seems to me that it is most discriminatory against attorneys who have been so convicted to refuse them reinstatement upon compliance with the conditions, when other attorneys, disbarred for similar conduct, with the exception that they have not been convicted therefor, are given the privilege and right of reinstatement. As Justice Cardozo once said in a similar connection, "the administration of justice would be subject to reproach if an implacable law of remedies were to close the door forever upon the hope of vindication," and I would add, the hope of repentance and reform. In re Kaufman, 245 N. Y. 423 (157 N. E. 730). There is no magic about a conviction which everlastingly bars a man from forgiveness by his God, and there is certainly nothing in a specialized profession which puts it above Divinity. If a thief on a cross can be admitted to Paradise, an attorney disbarred by conviction, technical or otherwise, upon complying with the conditions precedent, should be restored to his place in his profession.