### 39126. CLINKSCALES v. STATE OF GEORGIA.

NICHOLS, Judge. 1. The judgment of the Supreme Court in the case of *Gordon v. Clinkscales*, 215 Ga. 843, 849 (114 SE2d 15), established as the law of the case that grounds of disbarment were stated where it was "alleged that the respondent proposed to a named person to furnish him protection in the operation of a business upon the payment of $10,000 in cash and $500 per month."

2. The testimony in support of the charge referred to in the first division of the opinion, if not subject to being considered impeached by the jury, demanded a verdict that the respondent was guilty as charged.

3. "It is not improper for the trial court to direct a verdict in favor of disbarment where such a verdict is demanded by the evidence. Wernimont v. State, 101 Ark. 210 (142 SW 194, Ann. Cas. 1913D, 1156)." *Wood v. State*, 45 Ga. App. 783, 790 (165 SE 908). *James v. State*, 73 Ga. App. 834 (6) (38 SE2d 125).

4. "Proof that a witness has been convicted of the unlawful sale of intoxicating liquor affords no ground for impeachment of the witness." *Wheeler v. State*, 4 Ga. App. 325 (2) (61 SE 409). Therefore, evidence that might arouse a suspicion that the witness was so engaged would not tend to impeach his testimony.

5. Assuming but not deciding that a plea of guilty in a tax evasion case would authorize a jury to impeach a witness,

evidence that a plea of nolo contendere had been entered by such witness in such a case would not authorize his impeachment. See *Wright v. State,* 75 Ga. App. 764 (44 SE2d 569), as to the import of a plea of nolo contendere.

6. The evidence given in support of the charge referred to in division 1 of this opinion was not, as contended by the respondent, so improbable as to be unworthy of belief.

7. The evidence demanded the verdict against the respondent on the grounds referred to in the first division of the opinion and the direction of the verdict on such grounds was not error.

8. Inasmuch as the disbarment of the respondent was demanded on the one ground referred to, the other assignments of error made in the writ of error are nugatory and will not be considered.

*Judgment affirmed. Carlisle, P.J., and Eberhardt, J., concur.*

DECIDED OCTOBER 11, 1961—REHEARING DENIED OCTOBER 31, 1961.

*Robert J. Reed,* for plaintiff in error.

*John Ackbar Darsey, Davis & Davidson, Jack S. Davidson, H. W. Davis,* contra.