## A00A1183. WAL-MART STORES, INC. v. BOARD OF TAX ASSESSORS OF FAYETTE COUNTY.

(539 SE2d 869)

ANDREWS, Presiding Judge.

Wal-Mart Stores, Inc. appeals from the trial court's order finding it in contempt for refusing to release subpoenaed documents to the Board of Tax Assessors of Fayette County (Board). Because Wal-Mart has failed to point out any error committed by the trial court, we affirm.

This case arose when Wal-Mart refused to turn over certain subpoenaed documents to the Board unless the Board could assure it that Joe Mendola, the Board's contract auditor, would not have access to these documents. The Board brought a petition for contempt against Wal-Mart, and Wal-Mart answered and counterclaimed for a declaratory judgment. The trial court found Wal-Mart in contempt, and this appeal followed.

1. Wal-Mart argues the trial court erred in holding that the contract, as implemented, between the Board and Mendola & Associates (Mendola) constituted a lawful delegation of governmental authority. OCGA § 48-5-298 (a) provides that each county board of tax assessors may, subject to the approval of the county governing authority, employ people to:

> (1) Assist the board in the mapping, platting, cataloging, indexing, and appraising of taxable properties in the county; (2) Make, subject to the approval of the board, reevaluations of taxable property in the county; and (3) Search out and appraise unreturned properties in the county.

We note initially that Wal-Mart never cites to the contract between the Board and Mendola and does not argue that the contract itself is impermissible, but rather that "Mendola's activities go far beyond mere auditing." Many of Wal-Mart's allegations and arguments, however, are unsupported by any citation to the record and, indeed, are not to be found there.

To the extent that Wal-Mart is arguing that the Board does not monitor or control what Mendola does with copies of the records and documents it receives, the Court's order held that all records submitted by Wal-Mart were to be kept on the Board's premises, no storage

or use of the documents could occur off the premises, and Mendola could not make or retain copies of any of the documents or records.

Wal-Mart points to the deposition testimony of Douglas Stanley, a longtime Board member, in which he states that the Board delegated to Mendola the power to make sure that all property was returned at its fair market value. Although OCGA § 48-5-298 gives the Board power to employ someone to search out unreturned property and assist in appraising taxable properties, Wal-Mart argues that when these powers are multiplied by 25 counties throughout the State, "the potential for abuse is simply irresistible."

This type of argument is not appropriate here. This Court is a court for the correction of errors of law and does not possess any legislative powers, nor does it perform any legislative functions. See *Jacobs v. State*, 200 Ga. 440, 445 (37 SE2d 187) (1946). Wal-Mart has pointed to nothing in the record before us that shows that the Board delegated any authority beyond that allowed in OCGA § 48-5-298. See *Eckerd Corp. v. Fayette County Bd. of Tax Assessors*, 220 Ga. App. 454, 455 (469 SE2d 285) (1996). Therefore, this enumeration of error is without merit.

2. Next, Wal-Mart argues that the Board's contract with Mendola, as implemented, violates public policy. It claims that Mendola is testifying against Wal-Mart in other counties and, therefore, should be prohibited from entering into this contract with Fayette County. Wal-Mart's authority for this proposition, however, states that when an expert receives confidential information from a client, he is disqualified from using this information in another forum. Although this is an argument that Wal-Mart can make to disqualify Mendola from testifying in these other counties, that issue is not before us in this case, especially in light of the fact that Wal-Mart presents no specific evidence of any instances in which Mendola has violated the confidentiality requirement of OCGA § 48-5-314 (b). Indeed, the only evidence in the record on this issue is Mendola's deposition testimony that he has not shared with the Board any information he received about Wal-Mart in other counties and does not draw conclusions as to value based on audits conducted for other boards. This is supported by Stanley's deposition testimony that Mendola had never discussed with the Board any information obtained from audits in other counties. Moreover, as an additional safeguard, there is the trial court's order prohibiting Mendola from either retaining or making copies of any documents produced by Wal-Mart in this case. There is no merit to this enumeration.

3. In its next enumeration, Wal-Mart argues that the contract between the Board and Mendola violates the confidentiality requirements of OCGA § 48-5-314. Again, Wal-Mart does not state that Mendola has violated the statute in this case but rather makes the

sweeping argument that Mendola's conflicting roles of auditor and advocate require that he breach the confidentiality requirement. Because, as stated in Division 2, there was no evidence of any breach of confidentiality before the trial court, we find no error.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED SEPTEMBER 27, 2000.

*Smith, Gambrell & Russell, Edward K. Smith, William B. Wood*, for appellant.

*McNally, Fox & Cameron, Dennis A. Davenport*, for appellee.

*Webb, Tanner & Powell, Steven A. Pickens*, amicus curiae.