*C. H. & R. S. Cohen,* for defendant.

---

## 1373. PENDERGRAST *v.* GREESON.

While ordinarily a jury should attach more weight to positive than to negative testimony, yet they are not absolutely bound to do so. Therefore, where the existence of a material and controlling fact in a case is strongly affirmed by positive testimony, and denied by other testimony, although somewhat negative in character, the question is issuable, and can not be determined by the court as a matter of law.

Attachment, from city court of Abbeville—Judge Nicholson. July 18, 1908.

Argued November 24, 1908.—Decided April 15, 1909.

*Max E. Land, Walter F. Hall,* for plaintiff in error.

*Hal Lawson,* contra.

HILL, C. J. This is a suit on a note, for principal, interest, and attorney's fees. On the conclusion of the evidence the court directed a verdict for the plaintiff for the full amount sued for. In this court the plaintiff in error expressly abandons all the assignments of error, except as to the direction of a verdict for attorney's fees. He contends that under the plea and the evidence, the question as to whether he had been served with the statutory notice claiming attorney's fees was issuable, and that the direction of a verdict for attorney's fees was therefore erroneous. The evidence on this subject, briefly stated, is as follows: The attorney for the plaintiff testified that he prepared a written notice in form for attorney's fees and gave it to his client, with direction to have it timely served on the defendant. The client testified, that on the same day he received the notice from his attor-

ney he delivered it to one Livingston, with direction to serve it on the defendant, and that Livingston immediately thereafter reported to him that he had served it on the defendant. Livingston also testified, that he remembered serving on the defendant the paper given to him by the plaintiff, but did not remember the date on which he served it, and did not know what the paper was. The defendant testified: "I don't think Livingston served any notice of attorney's fees on me in this case; that is my recollection. I haven't any paper that he served on me that I remember." While the testimony of the defendant was vague, indefinite, and uncertain, it can not be said that it was not sufficient to make the question of service of the notice of attorney's fees issuable, and, although fragile, it is of sufficient strength to be submitted to the jury. The want of recollection by some men of the existence of a fact might be considered as weighty as the positive recollection of some other men that the fact did not exist. The weight of the testimony, whether positive or negative, is for the jury, and ordinarily they are not bound to accept positive in preference to negative testimony. *Hunter* v. *State*, 4 *Ga. App.* 761 (62 S. E. 466). Whether the defendant was served with the notice of attorney's fees should have been submitted to the jury. The judgment is affirmed, on condition that the defendant in error write off from the judgment the amount of attorney's fees. Otherwise, the judgment should be reversed.

*Judgment affirmed, on condition.*