WAYNE COUNTY PROSECUTING ATTORNEY, *ex rel.* TAX-PAYERS, *v.* CITY OF HIGHLAND PARK.

1. Municipal Corporations—Civil Service—Fire Department—Police Department—Referendum.

Where city adopted a system of civil service for members of its fire department pursuant to statute as it was originally enacted and submitted to electorate of city under referendum provision contained therein, it was not required to adopt such a system for police department after statute was amended extending provisions of act to include such department without submitting the matter to, and adoption by, the electorate (Act No. 78, Pub. Acts 1935, as amended by Act No. 173, Pub. Acts 1943).

2. Statutes—Construction of Amendment—Intent.

The rule that an amended statute is to be understood as if it had read from the beginning as amended, must not be so applied to defeat the plain intent of the legislature in amending it.

3. Same—Amendments—Referendum—Municipal Corporations.

When a city adopts an act it is bound by minor amendments subsequently made thereto by the legislature; but when an act is so enlarged as to embrace another separate and distinct department necessitating a change in title, and the act, as amended, still contains a referendum provision, a vote by the electorate of that city is required (Act No. 78, Pub. Acts 1935, as amended by Act No. 173, Pub. Acts 1943).

4. Costs—Public Question—Municipal Corporations—Civil Service.

No costs are allowed in mandamus proceeding involving extension of civil service to police department pursuant to amended statute by city which had previously adopted original statute on referendum whereby civil service system was established

for fire department only, a public question being involved (Act
No. 78, Pub. Acts 1935, as amended by Act No. 173, Pub. Acts
1943).

Appeal from Wayne; Callender (Sherman D.), J.
Submitted January 14, 1947. (Calendar No. 43,358.)
Decided April 8, 1947.

Mandamus by Gerald K. O'Brien, Prosecuting At-
torney of Wayne County, on relation of taxpayers,
to compel City of Highland Park and others to re-
organize the civil service commission and to estab-
lish a civil service system for police and fire depart-
ments. Writ denied. Plaintiff appeals. Affirmed.

*Julian F. Russell,* for plaintiff.

*Earl B. Young* (*Claude H. Stevens,* of counsel),
for defendants.

Butzel, J. Act No. 78, Pub. Acts 1935 (Comp.
Laws Supp. 1940, § 2730–1 *et seq.,* Stat. Ann. § 5.3351
*et seq.*) was entitled:

"An act to establish and provide a board of civil
service commissioners in cities, villages and munici-
palities having full paid members in the fire depart-
ment; to provide a civil service system based upon
examination and investigation as to merit, efficiency
and fitness for appointment, employment and pro-
motion of all officers and men appointed in said
fire departments and respective cities, villages and
municipalities; to regulate the transfer, reinstate-
ment, suspension and discharge of said officers and
firemen; and to repeal all acts and parts of acts
inconsistent therewith."

Section 17a (Comp. Laws Supp. 1940, § 2730–18, Stat. Ann. § 5.3368) of the same act provides as follows:

"SEC. 17a. The foregoing provisions of this act shall not take effect in any city or village until approved by a majority of the electors voting thereon at an election at which the question of adoption, of this act for that city or village is properly submitted.

"The governing body of any city or village may by resolution submit the same to the electors of such city or village at any regular or special election.

"The form of ballot shall be:
"Shall an act of the legislature of 1935, entitled (insert title here) be adopted?
Yes ( )
No ( )

"Such ballots shall be cast and canvassed and the results of the election certified in the same manner as ballots on any question submitted to the electors of such city or village. If the majority of the qualified electors of such city or village vote in favor of the adoption of this act, then the provisions thereof shall be in full force and effect in such city or village and not otherwise."

In accordance with section 17a, the act was submitted to the electorate of the city of Highland Park on April 6, 1936, and received the favorable vote of a majority of the qualified electors voting thereon. Thereafter a civil service commission was organized and the city's fire department was brought under a system of civil service in accordance with the provisions of the act.

Act No. 78, *supra,* was amended in certain particulars not involved in the present litigation by Act No. 173, Pub. Acts 1943. Subsequently, the

same act was amended by Act No. 287, Pub. Acts 1945 (Comp. Laws Supp. 1945, § 2730–1—2730–20, Stat. Ann. 1946 Cum. Supp. § 5.3351 *et seq.*), to include the police departments of cities, villages and municipalities. In extending the scope of the act it was necessary to amend most of its sections as well as its title. Section 17a, requiring a referendum, was not specifically amended or repealed. The electors of the city of Highland Park have never had submitted to them the question of whether there should be a civil service system for the police department.

Mandamus was brought by the prosecuting attorney for Wayne county upon the relation of certain taxpayers of the city of Highland Park against the defendant city and various officers as defendants to require them to reorganize the membership of the civil service commission and to establish a system of civil service for the police and fire departments. Mandamus was denied by the circuit court for the county of Wayne, and plaintiff has appealed.

The sole question presented is whether or not defendants are required to establish a system of civil service including the police department although the electorate of the city has not voted for it by referendum as required by section 17a. Our attention has not been called to a similar case; and the question presented herein differs from that in *Winter v. Royal Oak City Manager, post,* 259, involving the effect of Act No. 78 upon home-rule cities that have adopted a civil service system inclusive of all city employees. The city of Highland Park has never adopted an all-inclusive civil service system.

The attorney general, notwithstanding an earlier unpublished opinion to the contrary (No. 0–3758, July 21, 1945), has advised that a city which has adopted Act No. 78, Pub. Acts 1935, does not have

to establish a civil service system for its police department until the matter has been submitted to and adopted by its electors. Biennial Report of the Attorney General, 1945–1946 (No. 0–4350, February 18, 1946), p. 611.

We are in accord with the published opinion of the attorney general wherein attention is called to *People, ex rel. Parsons,* v. *Wayne Circuit Judge,* 37 Mich. 287, in which it was stated (syllabus):

"The rule that an amended statute is to be understood as if it had read from the beginning as amended, must not be so applied to defeat the plain intent of the legislature in amending it."

We believe that the intent of the legislature when it amended the act to include an entirely different department of the city was to retain the referendum provision of section 17a of the basic act. We agree with appellant that when a city adopts an act it is bound by minor amendments subsequently made thereto by the legislature; but when an act is so enlarged as to embrace another separate and distinct department, necessitating a change in title, and the act, as amended, still contains a referendum provision, a vote by the electorate of that city is required.

In *McMullen* v. *Saginaw City Manager,* 300 Mich. 166, we stated with reference to Act No. 78, *supra,* that:

"The referendum provision recognized a change could not be operative except at the will of a majority of the city electorate voting therein."

In *Public Schools of the City of Battle Creek* v. *Kennedy,* 245 Mich. 585, we quoted with approval from *Culver* v. *People, ex rel. County Collector,* 161 Ill. 89 (43 N. E. 812), wherein it was stated:

"The general rule is, that an act, which adopts by reference the whole or a portion of another statute, means the law as existing at the time of adoption, and does not include subsequent additions or modifications of the statute so adopted, unless it does so by express or strongly implied intent.   *   *   * This rule seems to be strictly adhered to, where the proper act is particularly referred to in the adopting statute *by its title.*"

The question of establishing a civil service in the police department never having been submitted to the electors as provided for by section 17a, Act No. 78, Pub. Acts 1935, as amended, we believe that the petition for a writ of mandamus was properly denied.   A public question being here involved, there will be no costs.

Carr, C. J., and Bushnell, Sharpe, Boyles, Reid, North, and Dethmers, JJ., concurred.