## 42208. SOUTHWIRE COMPANY v. FRANKLIN ALUMINUM COMPANY.

JORDAN, Judge. The plaintiff filed suit on open account to recover a judgment in the amount of $8,351.66 for materials allegedly sold and delivered to the defendant for which payment had not been made. The defendant in its answer admitted that payment had been refused but denied that it had received the goods representing the amount sued for and filed a plea of accord and satisfaction. Upon the call of the case for trial the plaintiff made an oral motion to strike paragraphs 4 through 11 of the defendant's answer from the pleadings on the ground that the allegations contained therein were legally insufficient to constitute a valid plea of accord and satisfaction. This motion was denied and the case proceeded to trial. At the close of the evidence the defendant withdrew its plea of accord and satisfaction, leaving the question of delivery of the goods as the sole issue for the jury. The jury returned a verdict for the defendant, and the plaintiff filed a motion for judgment notwithstanding the verdict in accordance with its previous motion for a directed verdict, and in the alternative, a motion for new trial. These motions were denied and the

plaintiff appealed to this court, enumerating as error the denial of these motions and the antecedent motion to strike certain paragraphs of the defendant's answer, and further enumerating as error an excerpt from the charge of the court and the failure of the court to give certain instructions to the jury. *Held:*

1. Irrespective of the legal sufficiency of the allegations of paragraphs 4 through 11 of the defendant's answer to constitute a valid plea of accord and satisfaction, these paragraphs contained certain allegations properly pleaded by way of defense, and the trial court did not err in denying the plaintiff's motion to strike which was addressed to such paragraphs as a whole. *Wilson v. Tumlin,* 103 Ga. App. 654 (2) (120 SE2d 196).

2. The record in this case does not disclose that proper exception relevant to the instructions and absence of instructions upon which error is enumerated was made by the plaintiff to the charge after it was presented to the jury; accordingly, these enumerations of error cannot be considered under the provisions of Section 17 (a) of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 31; *Code Ann.* § 70-207 (a,b)), the errors not coming within the exception set forth in Section 17 (c) of the Act. *Nathan v. Duncan,* 113 Ga. App. 630 (149 SE2d 383); *Georgia Power Co. v. Maddox,* 113 Ga. App. 642 (1) (149 SE2d 393).

3. (a) As stated above, the controlling issue of fact in this case was the question of the delivery or non-delivery of the materials representing the account sued on which consisted of 35,091 pounds of aluminum billets in 15 bundles weighing 2 to 3 thousand pounds each. The record discloses that on the morning of the purported delivery to the defendant, the shipment arrived by motor common carrier at the plant of the plaintiff to whom the goods had been consigned, where in the usual course of business the shipment would have been unloaded and then later reloaded on the truck of the plaintiff for shipment to the defendant upon order; that on this particular occasion, the plaintiff for its own convenience in eliminating an unloading and reloading procedure simply reconsigned the goods for shipment to the defendant by the same common carrier but that this was done under a "trucker's receipt" which was the method used in making delivery by its own trucks and was not done by bill of lading, the usual and ordinary procedure for shipping by common carrier; and that both

the "trucker's receipt" and the invoice or bill later sent to the defendant indicated that the shipment was by the plaintiff's truck. Under these circumstances, it cannot be said that delivery to the common carrier was tantamount to delivery to the defendant under the principle stated in *Mann v. Glauber,* 96 Ga. 795 (22 SE 405), and the question of delivery must be decided upon the basis of actual delivery to and receipt of the materials by the defendant.

(b) "While ordinarily a jury should attach more weight to positive than to negative testimony, yet they are not absolutely bound to do so. Therefore, where the existence of a material and controlling fact in a case is strongly affirmed by positive testimony, and denied by other testimony, although somewhat negative in character, the question is issuable, and can not be determined by the court as a matter of law." *Pendergrast v. Greeson,* 6 Ga. App. 47 (64 SE 282).

The evidence with respect to the controlling issue in this case was of the nature referred to above with the plaintiff presenting the positive testimony of the truck driver that delivery was in fact made at the defendant's plant but with the plaintiff being unable to produce a signed receipt or acknowledgement of delivery by the defendant, which according to the evidence, should and would have been obtained in the usual and ordinary course of business if delivery had in fact been made, and with defendant presenting the testimony of its agent in charge of receiving delivery of materials into the plant and his assistant that delivery was not received and acknowledgment made by them and that they had no knowledge of the same having been made although as shown by the evidence in the ordinary course of defendant's business they should have known of the delivery if it had in fact been made but with these witnesses and others for the defendant being unable to state categorically that delivery had not been made, and with the further evidence on behalf of the defendant that no signed receipt of delivery ever turned up in the normal and usual inter-plant channels of communication. While the positive testimony of the truck driver was not directly contradicted, the defendant's evidence on the issue of delivery presented facts and circumstances sufficiently incompatible with such positive testimony as to make the issue of delivery one for the jury. The trial court did not err therefore in denying the

plaintiff's motion for judgment notwithstanding the verdict and its motion for new trial on the general grounds.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

ARGUED SEPTEMBER 6, 1966—DECIDED SEPTEMBER 23, 1966.

*Reuben M. Word, Oscar W. Roberts, Jr.,* for appellant.
*Sims & Lewis, James R. Lewis,* for appellee.