44003. SHIREY, by Next Friend v. WOODS et al.

ARGUED OCTOBER 9, 1968—DECIDED DECEMBER 3, 1968—
REHEARING DENIED DECEMBER 19, 1968—

*Henning, Chambers & Mabry, Edward J. Henning, Eugene
P. Chambers, Jr.,* for appellant.

*Gambrell, Russell, Moye & Killorin, Edward W. Killorin,
David A. Handley,* for appellees.

JORDAN, Presiding Judge. ■ In his fourth enumeration the plaintiff contends that the court erred in allowing an investigating officer to testify, over objection, that if he remembered correctly, a summons was made out to the plaintiff's parents charging them with having an illegal or unlicensed vehicle on the street. Whatever charges an investigating officer may have placed against the parents of the minor plaintiff involved in the collision is entirely irrelevant and of no probative value in determining the issues of negligence and proximate cause in the trial of the civil action based on the collision. See *Keebler v. Willard,* 91 Ga. App. 551 (86 SE2d 379) ; *Smith v. Goodwin,* 103 Ga. App. 248, 249 (119 SE2d 35). The testimony discloses, in-

ferentially at least, the inadmissible opinion of the investigating officer that some basis existed for charging the parents with a violation of law, and absent any specific ruling excluding this testimony from jury consideration, it could have influenced the jury in exonerating the defendants. As the ruling here made requires a reversal of the judgment of the lower court we deem it appropriate to comment that the court should exclude, on proper objection, if there is another trial, any evidence of whether any charges were or were not made against either of the parties involved in the collision, or their parents, and the results of any traffic court hearing. See *Smith v. Goodwin,* supra. In arriving at this conclusion we have also considered the final instructions of the court eliminating fault of the parents as a basis to defeat recovery for the child. See Division 4 of this opinion.

■ The fifth enumeration is directed to the instructions on unavoidable accident, as requested by the defendants and given by the trial judge, in language substantially the same as quoted in *Brewer v. Gittings,* 102 Ga. App. 367, 375 (6) (116 SE2d 500). Counsel's objection to the request is limited to his statement, "I don't believe there are any facts in this case that would indicate there was an unavoidable accident or an accident." If he renewed his objection to the instructions as given, it is solely by reason of his statement, after the charge and before verdict, to the effect that he insisted on "the objections that already are on the record." Assuming, without deciding, that he did preserve his objection (but see *Southwire Co. v. Franklin Co.,* 114 Ga. App. 337, 338 (2) (151 SE2d 493); *Atlanta Americana Motor Hotel Corp. v. Sika Chemical Corp.,* 117 Ga. App. 707, 710 (3) (161 SE2d 342)) the evidence does not eliminate, as a permissible finding by the jury, a determination of the absence of any negligence by the plaintiff, giving due regard to his age, and the minor defendant, considering the circumstances under which she acted, which could be regarded as the proximate cause of the collision. The situation shown by the evidence is not such as to demand a determination, as a matter of law, that negligence caused the collision. Under these circumstances the instructions were appropriate. See *Smith v. Kleinberg,* 49 Ga. App. 194 (174 SE 731).

■ ·Error is assigned in the sixth enumeration on requested instructions, as given, "that the law does not impose any duty on a person to guard against sudden, unforeseen, and not reasonably to be anticipated acts of another person." The language is based on the first headnote in *Cone v. Davis,* 66 Ga. App. 229 (17 SE2d 849). The only objection appearing in the transcript is that "there is no indication in the case that this was sudden, and it couldn't be reasonably anticipated. I believe the facts were that [s]he had seen him for some time and that he did give some sort of a signal and I just don't think that that charge is in accordance with the facts." After the charge, counsel renewed his objection only by reason of the statement quoted in the preceding division. Whether the arm and hand movements of the plaintiff were such as should have caused the minor defendant to anticipate a sudden turn by the plaintiff to the left or instead to cause her to anticipate that the way was clear for her to proceed on the left past the go-cart without endangering the plaintiff were matters for the jury to determine, and there is no merit in the contention of counsel, as first raised on appeal, that the instructions were inappropriate and irreconcilable with the instructions as given concerning the standards of conduct imposed on a driver who sees or should see a child, and is charged with the knowledge that a child of tender age may be expected to act upon childish impulses.

■ Error is assigned in the seventh enumeration on the giving of requested instructions that "normally it is the duty of parents, by their presence or training, to keep young children from going into places of obvious danger," and in the eighth enumeration on the failure of the court, in recharging the jury to instruct the jury specifically to disregard the instructions complained of in the seventh enumeration. In recharging the jury the court quoted almost verbatim his previous instructions, and followed this with language substantially identical to *Code* § 105-205, as follows: "For the negligence of one person to be properly imputable to another, the one to whom it is imputed must stand in such a relation or privity to the negligent person as to create the relation of principal and agent. In a suit by an infant, the fault of the parent, or of custodians selected by

the parents, is not imputable to the child." Given as a recharge it emphasizes and clearly eliminates from jury consideration the effect of the instructions previously given, which might otherwise cause the jury to believe that the minor plaintiff was not entitled to recover if his parents were negligent in allowing him to be on the streets under the circumstances here shown.

■ Error is assigned in the ninth through twelfth enumerations on the giving of requested instructions extracted from the Uniform Act Regulating Traffic on Highways to show that violations are a misdemeanor offense (Sec. 102 (a); Ga. L. 1953, Nov. Sess., pp. 556, 602; Code Ann. § 68-1701 (a)), to show what signal lamps or devices may or shall be required (Sec. 112 (a); Ga. L. 1953, Nov. Sess., pp. 556, 608; Code Ann. § 68-1712 (a)), to show brake requirements including two separate means and maintenance requirements (Sec. 115 (a) 1, 5 (c); Ga. L. 1953, Nov. Sess., pp. 556, 611; Code Ann. § 68-1715 (a) 1, 5 (c)), and to show that every vehicle must be in good working order and safe mechanical condition (Sec. 123; Ga. L. 1953, Nov. Sess., pp. 556, 615; Ga. L. 1963, pp. 333, 334; Code Ann. § 68-1723). The objections to these instructions were preserved before verdict in the manner set forth in Division 2 of this opinion. The gist of the objections to the instructions as requested is that there is no showing that the vehicle was unsafe, or that if a violation is shown, it had nothing to do with the collision. While it is obvious from the evidence that the vehicle did not meet the requirements of these regulations, we find no causal connection between the fact that the vehicle failed to meet these standards and the fact of the collision. Nevertheless, even if some causal connection should appear, a child not yet age 10 is incapable of negligence per se in violating these regulations, the violation of which is a misdemeanor, as showing his own tortious conduct to defeat or diminish his claim, for, under Code § 105-1806, if he were defending a claim, he could claim immunity for his conduct as a defendant who had not "arrived at those years of discretion and accountability prescribed by this Code for criminal offenses." In applying Code § 26-302, fixing age 10 in general as the minimum for conviction of any offense, the courts interpret this section to mean that a child

under 10 is totally incapable of committing any criminal offense. See *Ford v. State,* 100 Ga. 63 (1) (25 SE 845). Below age 10, but age 7 or above, whether the conduct of a child discloses a failure to exercise ordinary care for his own safety becomes an issue for jury determination within the guidelines of *Code* § 105-204. See *Brewer v. Gittings,* supra, p. 371.

■ In the thirteenth enumeration the plaintiff complains of the giving of requested instructions to the effect that if the defendant understood the arm and hand movement of the plaintiff as a signal to pass on his left at the intersection, she had a right to pass at the intersection. Counsel for the plaintiff objected on the basis that the acts of the plaintiff afforded no authority for the defendant to violate the prohibition against passing at an intersection, and preserved the objection as shown in Division 2 of the opinion. While § 59 (a) 2 of the Uniform Act Regulating Traffic on the Highways (Ga. L. 1953, Nov. Sess., pp. 556, 583; *Code Ann.* § 68-1637 (b) (2)) prohibits driving on the *left side* of the roadway when within 100 feet of or traversing any intersection, it does not specifically proscribe the actual passing on the *left of another vehicle* at an intersection, and the evidence does not demand a finding that the minor defendant was actually violating the statute. Even if the jury could conclude that she violated the statute, however, we see no basis for instructing the jury that the action of the child, by his arm and hand movements, even if understood by her to mean to proceed, gave her a *right* to violate the law, and in this sense the instruction as given was prejudicial error.

■ In the fourteenth and fifteenth enumerations it is asserted that certain requested instructions as given imply, in the absence of any specific qualification, that the standard of care applicable to the plaintiff is the same as that of an adult. Having instructed the jury as to the standard of care expected of a child (*Code* § 105-204) it was unnecessary to repeat such instructions in each instance when referring to the negligence of the plaintiff.

■ A verdict for the defendants not being demanded under the evidence, and reversal of the verdict and judgment being required for other reasons, we make no further ruling on the

first three enumerations, which are identical to the general grounds of a motion for new trial.

*Judgment reversed. Pannell and Deen, JJ., concur.*