### 46180. BRADY v. LEWLESS.

Quillian, Judge. The plaintiff filed a tort claim against the defendant, who was 12 years old at the time the alleged injury took place. The defendant filed a motion for summary judgment

which was overruled. An appeal was taken and the case is here for review. *Held:*

*Code* § 105-1806 provides: "Infancy is no defense to an action for a tort, provided the defendant has arrived at those years of discretion and accountability prescribed by this Code for criminal offenses." The age of discretion and accountability for criminal offenses is 13. *Code Ann.* § 26-701 (Ga. L. 1968, pp. 1249, 1270). The defendant not having attained the age of 13 at the time the alleged tort took place, he was immune from suit. "A child is responsible for its torts under the same rules applicable to the commission of crime." *Riggs v. Watson,* 77 Ga. App. 62, 68 (47 SE2d 900). See *Central R. v. Brinson,* 70 Ga. 207 (5 d); *Shirey v. Woods,* 118 Ga. App. 851, 855 (165 SE2d 891).

The rule is quite different when the negligence of a child relates to an action in which he is plaintiff, or in which his parents are litigating because of injuries to the minor child. In that situation, most of the cases provide that he can not be accounted negligent where he is six years of age or less; and in one case, *Harris v. Combs,* 96 Ga. App. 638, 643 (101 SE2d 144), it was held that a child seven years of age was too young to be negligent. But if the action is brought *against the child,* he may plead his infancy as an absolute defense, provided he was less than 13 years of age at the time of the alleged tort.

The only case holding to the contrary is that of *Faith v. Massengill,* 104 Ga. App. 348 (1 a) (121 SE2d 657), and it will be noted that same cites as authority a number of Georgia cases, and reference will show that in each case the allegedly negligent minor child was a *plaintiff, and not a defendant.* As stated above, the rule is completely different as applied to minor plaintiffs and minor defendants. Thus, Division 1 (a) of *Faith v. Massengill,* 104 Ga. App. 348, supra, is hereby overruled. The failure to grant the defendant's motion for summary judgment was error.

*Judgment reversed. Bell, C. J., Eberhardt, Pannell, Deen, Whitman and Evans, JJ., concur. Jordan, P. J., and Hall, P. J., dissent.*

SUBMITTED MAY 5, 1971—DECIDED SEPTEMBER 21, 1971—
REHEARING DENIED NOVEMBER 16, 1971—

*Jay M. Sawilowsky,* for appellant.

*George B. Rushing, Allgood & Childs, Thomas F. Allgood,* for appellee.

JORDAN, Presiding Judge, dissenting. 1. A careful reconsideration of the holding in *Faith v. Massengill,* 104 Ga. App. 348 (121 SE2d 657), impels me to the belief that such holding is proper and should not be overruled as suggested in the majority opinion.

We were there concerned with the question of whether an 8-year-old child could be guilty of primary negligence. Applying well established case law involving contributory negligence, we held it to be a jury question as to whether or not an 8-year-old child could be guilty of primary or actionable negligence. The cases cited in *Faith* made it clear that a child six years old and under could not as a matter of law be guilty of contributory negligence, but a question for the jury was presented where the child was over seven years of age.

In *Faith v. Massengill,* 104 Ga. App. 348, supra, we rejected the theory that a different test should be applied where the child was a plaintiff (contributory negligence) and when he was a defendant (primary negligence). We cited authority from other jurisdictions that the same test should be applied in determining both primary and contributory negligence. See citations in *Faith v. Massengill,* supra, p. 353. If a child is of such age that his contributory negligence would bar his recovery, then such a child should also be accountable for his primary negligence. There appears to be no sound or legally justifiable reason for applying a different standard.

No cases are cited in the majority opinion which support the statement that "the rule is completely different as applied to minor plaintiffs and minor defendants." The apparent authority for this statement is *Code* § 105-1806 which provides that "infancy is no defense" provided the defendant has arrived at the age of discretion and accountability prescribed by the Code for criminal offenses. This Code section is negative in character in that it merely sets a "ceiling" age at which the defense of infancy cannot be used. When it was enacted the legislature was aware of the case law holding that between the ages of seven and ten (the age under the old Criminal Code) a jury question on negligence was

presented. Obviously the legislature did not intend to disturb the holding in these cases nor did it intend to set a double standard of negligence for minors under the age of the prescribed ceiling.

The legislature in the new Criminal Code effective July 1, 1969, raised the age of accountability for crime from 10 to 13 years, having in mind the provisions of the Juvenile Court Act which were not in effect when the old *Code* § 26-302 set the age at 10 years. In my opinion, such action could not have intended to affect existing tort law.

2. Even if *Code* § 105-1806 is construed to cover all defenses of infancy rather than merely setting a ceiling, using the words "prescribed by this Code for criminal offenses" referred to the 1933 Code, certainly it cannot be said that this Code section referred to the new Criminal Code of 1968. The 1933 Code provision on this was *Code* § 26-302 which provided that the age of accountability was ten. The defendant in this case was age 12.

3. Under what is said in either Division 1 or 2, it is clear that the trial court correctly overruled this 12 year old defendant's motion for summary judgment based on the premise that a defendant of that age cannot as a matter of law be held accountable for his alleged negligence.

### On Motion for Rehearing.

The dissent argues that there is no sound or justifiable reason for applying a different standard with regard to primary and contributory negligence. It is also urged that *Code* § 105-1806 is negative in character and merely sets the "ceiling" age at which the defense of infancy cannot be used. The Code section in question positively provides that those over the age of discretion and accountability for criminal offenses may not use infancy as a defense. However, as to those under such age, the Code section, by its very nature, just as unequivocally provides that infancy is a defense. In *Shirey v. Woods,* 118 Ga. App. 851, 855 (165 SE2d 891), this court recognized such fact in a case involving negligence of a child under 10 years of age. The opinion pointed out as to such child "under *Code* § 105-1806, if he were defending a claim, he could claim immunity for his conduct as a defendant who had not 'arrived at those years of discretion and accountability prescribed by this Code for criminal offenses.'"

As to the reason for applying a different standard with regard to an infant plaintiff and an infant defendant, the infant is protected from a suit by *Code* § 105-1806. However, if he chooses to sue, he in effect gives up or waives such protection and subjects himself to the rule as laid down in the cases under *Code* § 105-204.

We find no basis for the dissent's proposition that the legislature was aware of the case law regarding contributory negligence of a child between the ages of 7 and 10 at the time it enacted *Code* § 105-1806. This Code section was adopted in the original Code of 1863. Our research reveals an early case dealing with an infant plaintiff's duty to exercise care in *Vickers v. Atlanta & W. P. R. Co.*, 64 Ga. 306 (written in 1879). However, the foundation of the rule with regard to the negligence of an infant plaintiff is found in *Western & A. R. Co. v. Young*, 81 Ga. 397 (7 SE 912) (written in 1888), and *Western & A. R. Co. v. Young*, 83 Ga. 512 (10 SE 197) (written in 1889). These cases were subsequently codified in the Code of 1895, now *Code* § 105-204. It is difficult to suppose that the legislature had any intent at all as to a rule which would not find concrete expression until many years after the adoption of the law in question. Legislative intent is not here involved for the further reason that such rule of construction has no application where the language of a statute is, as here, clear and unambiguous. See *New Amsterdam Cas. Co. v. McFarley*, 191 Ga. 334 (12 SE2d 355); *Aldridge v. Federal Land Bank of Columbia*, 203 Ga. 285 (46 SE2d 578); *Kendrick v. Kendrick*, 218 Ga. 284 (127 SE2d 379).

It has been argued in the dissent that the language in *Code* § 105-1806 referring to "this Code" referred to the 1933 Code only. In each of our Codes beginning with 1863 the equivalent of *Code* § 105-1806 has contained the language "this Code" referring to the equivalent of *Code* § 26-302. If the codifiers had not intended that the limitation should vary with the varying age of culpability which might thereafter be fixed, they would simply have said that infancy would not be permitted as a defense to those who were more than 10 years old. But they did not. They consciously tied the age to the provision in the Criminal Code, knowing that a change might be made by some future General Assembly. In 1969

the new Criminal Code was adopted as *Code Ch. 26* in substitution of the former *Code·Ch. 26*. Ga. L. 1969, pp. 857, 858. This had the effect of amending *Code* § 26-302 by striking it and substituting *Code* § 26-701. Thus, the legislature, having regard for the status of the law as it existed prior to its most recent enactment, amended the age of infancy as a defense. See *Spence v. Rowell,* 213 Ga. 145, 152 (97 SE2d 350); *Nelson v. Roberts,* 217 Ga. 613, 614 (124 SE2d 85); *Botts v. Southeastern Pipe-Line Co.,* 190 Ga. 689, 700 (10 SE2d 375); *Jacobs v. State,* 200 Ga. 440, 444 (37 SE2d 187); *Buice v. Dixon,* 223 Ga. 645, 646 (157 SE2d 481).

*Judgment adhered to.*