26648.   WHIDDON v. FORSHEE et al.

UNDERCOFLER, Justice. This action arose by complaint filed by Ruthie M. Whiddon against Mrs. W. M. Forshee, individually and as executrix of the estate of W. M. Forshee, deceased, seeking to enjoin the sale of property under two deeds to secure debt and seeking the cancellation of two promissory notes and the two deeds to secure debt. The complainant filed a motion for a directed verdict which was overruled. A mistrial resulted in the case and the complainant filed a motion for a judgment notwithstanding the mistrial. This was overruled by the trial judge. The appeal is from that judgment. The judgment was certified for immediate review. *Held:*

1. The undisputed evidence in this case shows that George A. Whiddon and W. M. Forshee owned a partnership business known as George & Maxie's Tile & Carpet Service; that George A. Whiddon and Ruthie M. Whiddon ran the business; that Mrs. Whiddon executed a promissory note and a deed to secure debt payable to Mrs. W. M. Forshee in the amount of $2,400 on March 14, 1967.

On May 11, 1967 Mrs. Whiddon executed a promissory note and a deed to secure debt payable to W. M. Forshee in the amount of $20,000.

The evidence is conflicting on the question of whether Mrs. Whiddon and Mrs. Forshee were also partners in the business. Mrs. Whiddon contends that she was a mere employee in the business and Mrs. Forshee contends that Mrs. Whiddon was a partner and an employee.

Mrs. Whiddon contends that as a mere employee of the business, the notes and deeds to secure debt were in payment of the obligations of her husband in the business and were absolutely void under the provisions of *Code Ann.* § 53-503 which was in effect at the time these notes and deeds to secure debt were executed and before the Code section was amended by the Act of 1969 (Ga. L. 1969, pp. 72, 73).

*Code Ann.* § 81A-150 (a) provides in part that: "If there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248.

*Code Ann.* § 81A-150 (b) provides: "If a verdict was not returned, such party . . . may move for judgment in accordance with his motion for a directed verdict. . . If no verdict was returned, the court may direct the entry of judgment as if the requested verdict had been directed. . ." Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248.

Under these provisions of our law a directed verdict does not lie where there is a conflict in the evidence as to any material issue and the verdict is not demanded. Since the evidence of whether Mrs. Whiddon was a partner in the business was in conflict, this contention of the appellant is without merit.

2. (a) Mrs. Whiddon contends that even if she were a partner, there was no consideration for these instruments because the evidence did not show that the partnership

debts had been paid.

This fact was disputed by the evidence.

(b) Mrs. Whiddon contends also that when the note for $20,000 was executed and the deed to secure debt given to W. M. Forshee, no consideration flowed to her at the time of its execution because the evidence showed that W. M. Forshee would only "begin" to pay the partnership debts.

The record shows that the partnership was deeply in debt, that the partners were in the process of dissolving the partnership and forming a corporation, that it was necessary that the partnership debts be paid in order to establish credit for the corporation, that W. M. Forshee paid all the partnership debts except the telephone bill before his death and before the foreclosure proceedings were instituted.

In *Brinson v. Franklin,* 177 Ga. 727 (4) (171 SE 287) this court held: "Where the business of a copartnership entails loss, the liability of members is to creditors only, until the debts or some part is paid by a partner or partners. In the latter event the right of contribution arises. Civil Code (1910), § 4588 [now *Code Ann.* § 37-303]. Where, in such a case, no part of the copartnership debts has been paid, no right of contribution arises. . ." Although no contribution was due upon execution of the note and security deed by Mrs. Whiddon, it became due upon payment of the partnership indebtedness by W. M. Forshee.

"If one partner gives the other his promissory note or his separate acceptance on partnership account, an action at law will lie on such note or bill, since such an instrument itself constitutes an acknowledgment of a separate debt." 40 AmJur 461, § 481.

The fact that the consideration was not paid until after execution of the security deed does not render it invalid.

(c) Appellant contends that W. M. Forshee agreed to supply all the capital for the partnership and therefore the payment of the outstanding indebtedness was in compli-

ance with his original agreement and is no consideration for Mrs. Whiddon's note and security deed. This contention is without merit. The evidence is in dispute as to the sharing of losses.

The trial court properly refused to grant the motion for judgment notwithstanding the mistrial.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1971—DECIDED OCTOBER 7, 1971.

*John R. Rogers,* for appellant.

*Floyd Wardlow, Cheryle T. Bryan, Seymour S. Owens, Walters & Davis, W. Emory Walters,* for appellees.