## 50666. BAILEY v. BELINFANTE.

PANNELL, Presiding Judge.

Plaintiff brought an action charging defendant with battery and the negligent extraction of sixteen teeth without plaintiff's permission. At the conclusion of a jury trial, the defendant moved for a directed verdict and the trial judge granted the motion. Appellant alleges error in the court's directing a verdict for the defendant.

The evidence shows that on January 6, 1971, appellant went to the offices of Dr. Belinfante, an oral surgeon. Upon arrival, appellant filled out and signed an information chart containing the following language: "I agree for Dr. Lewis S. Belinfante to perform whatever surgery or treatment he feels is required and to use whatever anesthesia, local or general, he feels is best for my case." After an examination, appellee advised that eleven teeth should be extracted, and appellant agreed to surgery to remove same. On January 21, appellant entered the hospital and signed a "consent to operation" form, containing the following language: "I authorize the performance upon Franklin Bailey of the following operation, teeth extraction, to be performed under the direction of Dr. Belinfante. Two, I consent to the performance of operations and procedures in addition to or different from those now contemplated, whether or not arising from presently unforeseen conditions, which the above-named doctor or his associates or assistants, may consider necessary or advisable in the course of the operation."

Before the operation, Dr. Belinfante reviewed the patient's records and decided that all of the teeth (27) should be removed. The doctor testified that he told appellant just prior to surgery that all the teeth should be removed, and appellant replied, "You're the doctor." Appellant had been administered "pre-operative medicine" at the time of this alleged conversation. Appellant testified to no recollection of having seen the doctor prior to surgery.

1. Plaintiff testified that Dr. Belinfante had done a good job in removing his teeth, and that there was no quarrel with the work itself; the only question was

whether the doctor should have taken out all of the teeth or only some of them. There was *no* testimony that the extraction was performed in a negligent manner, and accordingly, the trial court was correct in directing a verdict as to the action for negligent extraction.

2. Plaintiff's charge of battery was based on the "unconsented" removal of all of his teeth. "[A]n unauthorized surgical operation by a physician upon the body of his patient is a wrongful and unlawful act for which the surgeon will be liable in damages. . . In the relationship of doctor and patient, as in other situations involving a touching of another's person, consent to the act by the person affected negates the contact as an actionable tort." *Mims v. Boland,* 10 Ga. App. 477, 481, 482 (138 SE2d 902).

Plaintiff testified that he never consented to the extraction of the additional sixteen teeth. Appellee contends that the two consent forms, signed by appellant, expressly authorized the doctor to perform whatever surgery he deemed necessary. He argues that this evidence conclusively established plaintiff's consent to the extraction of the additional teeth, and therefore, there was no question regarding consent for the jury to decide.

The first consent form was signed before appellant ever saw the doctor. Therein he authorized the doctor to perform whatever surgery he felt was required. Appellant had the right to withdraw this consent up until the operation was started. See *Mims v. Boland,* supra. The jury could have concluded that the subsequent agreement between appellant and the doctor, that eleven teeth were to be extracted, rescinded any prior general consent.

The consent form signed upon entering the hospital authorized operations different from those contemplated, which the doctor considered necessary "in the course of the operation." The jury could consider this form to only authorize a different operation if the necessity became apparent after the operation had already begun. This was not the situation here.

Further, appellee contends that he was given oral authorization when he told appellant of the need for the additional extractions, and the appellant responded, "You're the doctor." Appellant testified to no recollection

of having seen the doctor prior to surgery or to having had this conversation with the doctor. "While ordinarily a jury should attach more weight to positive than to negative testimony, yet they are not absolutely bound to do so. Therefore, where the existence of a material and controlling fact in a case is strongly affirmed by positive testimony, and denied by other testimony, although somewhat negative in character, the question is issuable and can not be determined by the court as a matter of law . . . The want of recollection by some men of the existence of a fact might be considered as weighty as the positive recollection of some other men that the fact did not exist. The weight of the testimony, whether positive or negative, is for the jury, and ordinarily they are not bound to accept positive in preference to negative testimony." *Pendergrast v. Greeson,* 6 Ga. App. 47, 48 (64 SE 282). Plaintiff's testimony that he did not remember the conversation, as testified to by the doctor, created a question of fact to be resolved by the jury.

The jury could have concluded that appellant did not expressly or impliedly consent to the extraction of sixteen additional teeth. If he did not consent, the extraction constituted a technical battery. There being a conflict as to a material issue of fact, it was error for the trial judge to direct a verdict for the defendant.

*Judgment reversed. Quillian and Clark, JJ., concur.*

Submitted May 8, 1975 — Decided September 2, 1975.

*Charles A. Cole, Jr.,* for appellant.
*Long, Weinberg, Ansley & Wheeler, Ben L. Weinberg, Jr., F. Clay Bush,* for appellee.