## 52294. BARTOLETTI v. KUSHNER.

QUILLIAN, Judge.

John Bartoletti, the defendant, was born April 6, 1962. He is charged in the petition with wilfully and maliciously entering the plaintiff's home on March 5, 1974, being at that time one month short of 12 years of age, and wantonly and maliciously vandalizing the premises, destroying equipment, fixtures and personalty such as cutting up electrical wiring, bending the plumbing and filling it with debris, bursting water pipes, defacing walls, cutting telephone cables and pulling up drainage pipes. The defendant moved for summary judgment on the ground that he was immune from liability for damages because of his age. The trial court denied the motion, and an interlocutory appeal was granted. *Held:*

1. The motion to transfer this case to the Supreme Court is denied. The question is not one of the constitutionality of Code § 105-1806 (which has been decided in the affirmative by *Hatch v. O'Neill,* 231 Ga. 446 (202 SE2d 44)) but the manner of its application to the facts of this case.

2. This case is controlled by the decisions of *Brady v. Lewless,* 124 Ga. App. 858 (186 SE2d 310), cert. den.; *Scarboro v. Lauk,* 133 Ga. App. 359 (1) (210 SE2d 848); *Soles v. Beasley,* 137 Ga. App. 280 (223 SE2d 477). Our Supreme Court, in *Hatch v. O'Neill,* 231 Ga. 446, 448, supra, held that "the Court of Appeals correctly interpreted the meaning of Code § 105-1806" in *Brady* and agreed that "[a]n infant under the age of criminal responsibility is immune from suit for tort."

*Ashbaugh v. Trotter,* 237 Ga. 46 (226 SE2d 736), is not applicable here since it was expressly restricted to the issue of whether an infant plaintiff could be guilty of contributory negligence.

It was error to deny the defendant's motion for summary judgment.

*Judgment reversed. Bell, C. J., Clark, Webb and Marshall, JJ., concur. Deen, P. J., Stolz, McMurray and Smith, JJ., dissent.*

ARGUED MAY 24, 1976 — DECIDED OCTOBER 22, 1976 —
REHEARING DENIED NOVEMBER 18, 1976 —

*Donald M. Fain, Michael J. Gorby, Michael S. Reeves,* for appellant.
*Kaler, Karesh & Frankel, Lawrence J. Movshin,* for appellee.

DEEN, Presiding Judge, dissenting.

As I view the case, the issue depends upon the proper contemporary construction of Code § 105-1806, which, as pointed out in *Hatch v. O'Neill,* 231 Ga. 446 (202 SE2d 44), appeared in identical language in our original Code of 1863, § 2996, as follows: "Infancy is no defense to an action for a tort, provided the defendant has arrived at those years of discretion and accountability prescribed by *this Code* for criminal offenses." (Emphasis supplied.) "This Code" as Justice Ingram pointed out in his dissent tracing the history of the legislation in *Hatch,* supra, was authorized by an Act of December 9, 1858, and had as its purpose one single organized compilation of the law of Georgia. It has in fact stood the test of time remarkably well as a coherent statement of the law, and its parts should be construed in pari materia. The pertinent section of the Code of 1863 (§ 4191) was adopted by reference (which first appeared in the Penal Code of 1833, Sec. IV, Cobb's Digest, p. 779), and which continued unchanged through Code § 26-302 of the Code of 1933 until repealed by the provisions of Ga. L. 1968, pp. 1249, 1338, reads as follows: "An infant under the age of ten years, whose tender age renders it improbable that he or she should be impressed with a proper sense of moral obligation, or be possessed of sufficient capacity deliberately to have committed the offense, shall not be considered or found guilty of any crime or misdemeanor." Thus, the scheme relating to criminal mental capacity in the Code of 1863 was to forbid criminal sanctions absolutely only as to children under the age of ten years. This Code, as so adopted in toto by the legislature "has the same effect as one general act of the legislature containing all the provisions embraced in the volume thus adopted. It is

more than evidentiary of the law; it is the law." *Central of Ga. R. Co. v. State,* 104 Ga. 831, 842 (31 SE 531, 42 LRA 578). Accord, *Barnes v. Carter,* 120 Ga. 895, 897 (48 SE 387); *Atlanta Finance Co. v. Brown,* 187 Ga. 729, 731 (2 SE2d 415).

In 1968 the legislature adopted a new statute (Ga. L. 1968, pp. 1249, 1270; Code Ann. § 26-701) which reads: "A person shall not be considered or found guilty of a crime unless he has attained the age of 13 years at the time of the act, omission, or negligence constituting the crime." Former Code § 26-302, setting the age beneath which criminal responsibility could not be assessed at ten years, was repealed. The Act of 1968, of course, dealt only with criminal law and itself made no reference to civil tort liability; neither has there been, since 1933, any single act of legislation adopting the Code as a whole as one statute.

The question of civil liability of this minor, who is between the ages of 10 and 13, must be decided by construction of Code § 105-1806. The Code of 1863 (continuing through the Code of 1933) posited the age of accountability "prescribed by this Code for criminal offenses" as the minimum age of civil tort liability. At the time of the adoption of the Code, and all subsequent acts of the legislature adopting the Code as a whole, that age was ten years, and as such it was incorporated into the original adopting statute, now Code § 105-1806, referring to civil liability.

We thus have the question of whether the change in the referenced statute has by implication amended the adopting statute with the effect of also changing the age of civil liability to a minimum of 13 years. We conclude that it has not. "The determination of whether a statute which by reference adopts and incorporates another statute, or a provision of another statute, is to be construed as an adoption of the provisions of the statute referred to as they exist as of the time of the adoption, or as including subsequent modifications of the adopted provisions, is. . .fundamentally a question of legislative intent and purpose." 168 ALR 627, 628, Anno., "Effect of Modification or Repeal of Constitutional or Statutory Provision Adopted by Reference in Another Provision."

Intent may be determined by whether the reference is to a specific statutory provision, to the law generally, to another portion of the same statutory enactment, and to whether either the adopting statute contains language tying it to future changes in the referenced statute, or the later modification contains language which may be construed to repeal or modify the provisions of the adopting statute. Here the only indication of legislative intent is that, considering the Code of 1863 (and also subsequent Codes) as a single statutory enactment, as we must, civil liability of minors is tied to criminal liability as expressed by "this code," a direct reference to the 10-year age of accountability as set out in § 4191 of that Code. "It is an established rule that when one statute adopts by reference a definition in a former statute such definition becomes a part of the later statute and is not affected by the subsequent amendment or repeal of the earlier act containing the definition." Haveman v. Bd. of County Road Comrs. 356 Mich. 11 (96 NW2d 153). This is true in the absence of a clearly expressed intention to the contrary. Palermo v. Stockton Theatres, 32 Cal. 2d 53 (195 P2d 1). "[W]hen a statute is adopted by specific descriptive reference, the adoption takes the statute as it exists at that time, without subsequent amendments; but, when the language of the adopting act evidences legislative intent to include subsequent amendments, the court will give effect to that intent." City of Seattle v. Green, 51 Wash. 2d 871, 874 (322 P2d 842). See also Hassett v. Welch, 303 U. S. 303, 314 (58 SC 559, 82 LE 858), quoting Lewis' Sutherland on Statutory Construction (2d Ed.), Vol. II, pp. 787, 788; O'Brien v. City of Highland Park, 317 Mich. 220 (26 NW2d 891); Royle v. Standard Fruit &c. Co., 184 Misc. 348 (50 NYS2d 351); State v. Dobson, 169 Ore. 546 (130 P2d 939); Legat v. Adorno, 138 Conn. 134 (83 A2d 185).

It follows that that section of the Code of 1863 setting the age of 10 as the minimum limit of criminal responsibility became a part of the adopting statute referring to civil liability, and the latter was not changed by the changes in the Criminal Code first effective in 1968.

Nothing to the contrary is held in *Hatch v. O'Neill*,

supra, which (with three Justices dissenting) held that a child of nine years could not be held civilly liable for a tort, since under neither statutory construction dealt with here would such a child have reached the years of discretion necessary to impose such liability. The same is true of *Scarboro v. Lauk,* 133 Ga. App. 359 (210 SE2d 848) where the child involved was six years of age. *Brady v. Lewless,* 124 Ga. App. 858 (186 SE2d 310), however, dealt with a child twelve years of age and held (Judges Jordan and Hall dissenting) that infancy was a defense.

*Brady* also took the position that the words "This Code" referring to tort law was not restricted to the Code in which it first appeared, but that its meaning changed "with the varying age of culpability which might thereafter be fixed" in statutes relating to criminal law only. It is true that in *Hatch v. O'Neill,* 231 Ga. 446, 448, supra, the Supreme Court stated that *Brady* "correctly interpreted the meaning of Code § 105-1806" and if the Supreme Court by that language intended to settle the matter, as to minors between the ages of 10 and 13 in tort cases, then I am in error. But everything said in *Brady* in this regard is not conclusive unless one can change the meaning of the words "this Code" simply by reference to an amended criminal statute, for "this Code" is the Code of 1933, when a minor of 10 might be subject to an action in tort, and no new Code has since been adopted. It thus appears to me that "this Code," taken in its broadest sense, can mean only the Code of 1933, and prior Codes. The *Brady* case cites a number of Supreme Court decisions to the general effect that in enacting legislation the General Assembly is presumed to have full knowledge of other statutes and court decisions. But *Brady,* the first case to construe the words "this Code" as they appear in the Code of 1863 and all subsequent Codes, was written *after* the change in the criminal statute, and no prior statute or case law indicated that a *change* in criminal liability would ipso facto operate to change the meaning of Code § 105-1803.

I am authorized to state that Judges Stolz, McMurray and Smith concur in this dissent.