67102. GRIFFIN v. HOUSING AUTHORITY OF SAVANNAH.

SOGNIER, Judge.

The Housing Authority of Savannah brought this dispossessory action against William L. Griffin, a tenant in a residential facility for elderly and disabled persons. Griffin filed an answer and the case came on for trial by jury. The trial court granted the Housing Authority's motion for a directed verdict and ordered that a writ of possession should issue. Griffin appeals.

1. Appellant contends that the trial court erred in granting appellee's motion for a directed verdict.

Under its terms, Griffin's lease could not be terminated "other than for serious or repeated violation of material terms of the lease such as failure to make payments due under the lease or to fulfill the Tenant's obligations set forth in Paragraph 7 hereof, or for other good causes." Relevant portions of Paragraph 7 provide that the tenant agrees: "(k) To conduct himself . . . in a manner which will not disturb his neighbor's [sic] peaceful enjoyment of their accommodations and will be conducive to maintaining the project in a decent, safe and sanitary condition. (1) To refrain from illegal or other activity which impairs the physical or social environment of the project." See 24 CFR §§ 866.4 (f) (11), (12); (1) (1). The notice of termination stated that appellant's tenancy was being terminated for reasons of: "Drunkenness, causing disturbance, terrorizing the Residents, and Vulgar language."

The trial transcript was reconstructed as provided in OCGA § 5-6-41 (g) (Code Ann. § 6-805). It was undisputed that notice to terminate was given and a demand for possession made. The sole issue at trial was whether appellant had violated the terms of his lease by the behavior alleged. The apartment manager testified that he

received complaints about appellant's conduct over a period of many months and that after a series of incidents on August 21-22, 1982, he gave appellant notice to terminate on August 23, 1982. Testimony concerning the August incidents was given by three of appellant's neighbors to show that during the night of August 21, appellant knocked on their apartment doors at approximately 8:00 p.m., 12:30 a.m., 3:00 a.m., and 4:00 a.m. The witnesses testified that appellant used vulgar and offensive language toward them, and in one instance, was removed by the security guard. One witness testified that on another occasion, appellant had thrown his furniture into the hall and on another, had tried to force another tenant to drink some of his whiskey.

According to the transcript, appellant testified only as to the August incidents. He explained that he had knocked on the door of one neighbor on the night in question to borrow something, as he had often done before. He did not recall using vulgar language to this neighbor, nor did he recall the incidents in which he was alleged to have knocked on the doors of the other two neighbors and used abusive language.

" 'While ordinarily a jury should attach more weight to positive than to negative testimony, yet they are not absolutely bound to do so. Therefore, where the existence of a material and controlling fact in a case is strongly affirmed by positive testimony, and denied by other testimony, although somewhat negative in character, the question is issuable and cannot be determined by the court as a matter of law . . . The want of recollection by some men of the existence of a fact might be considered as weighty as the positive recollection of some other men that the fact did not exist. The weight of the testimony, whether positive or negative, is for the jury, and ordinarily they are not bound to accept positive in preference to negative testimony.' *Pendergrast v. Greeson,* 6 Ga. App. 47, 48 (64 SE 282)." *Bailey v. Belinfante,* 135 Ga. App. 574, 576 (218 SE2d 289) (1975). Appellant's testimony that he did not remember using vulgar language and did not recall three of the four August incidents created a question of fact to be resolved by the jury. Id. See also *Southwire Co. v. Franklin Aluminum Co.,* 114 Ga. App. 337, 339 (3b) (151 SE2d 493) (1966); *Abbot Investment Co. v. Jefferson County,* 77 Ga. App. 761, 763-764 (49 SE2d 918) (1948); *Pollard v. Gormon,* 52 Ga. App. 127, 132 (3) (182 SE 678) (1935). The issue of fact was material because according to the manager's testimony, the incidents on the night of August 21-22 prompted the issuance of the termination notice the next day.

While the evidence was more than sufficient to authorize the jury to return a verdict in favor of appellee, nevertheless, "evidence strongly supporting, but not demanding, a particular finding does not

warrant a directed verdict. [Cit.]" *E-Z Go Car Div. v. Kuhlke Constr. Co.,* 141 Ga. App. 711 (234 SE2d 339) (1977). "[A] directed verdict does not lie where there is a conflict in the evidence as to any material issue and the verdict is not demanded." *Whiddon v. Forshee,* 228 Ga. 133, 134 (184 SE2d 349) (1971). The trial court erred in directing a verdict in favor of appellee.

2. Appellant contends that the trial court erred in holding as one of its conclusions of law in its judgment order that it need not follow the HUD regulations in reaching its determination. This contention is without merit, as the relevant HUD regulations were incorporated into the lease which the trial court used as the standard for establishing the lawfulness of appellee's termination of appellant's lease.

*Judgment reversed. Quillian, P. J., and Pope, J., concur.*

DECIDED JANUARY 31, 1984.

*William F. Braziel, Jr.,* for appellant.
*Malberry Smith, Jr.,* for appellee.